IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY R. THOMPSON, 1276766,  )<br>          Petitioner,              )<br>                                         )<br>v.                                     )<br>                                         )<br>NATHANIEL QUARTERMAN, Director, Texas )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division,           )<br>          Respondent.            ) | No. 3:06-CV-902-D<br>ECF |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On June 1, 2004, Petitioner pled guilty to assault. *State of Texas v. Johnny R. Thompson*, No. F-0358625-VR (265th Dist. Ct., Dallas County, Tex., June 1, 2004). He was placed on eight years deferred adjudication probation. On September 28, 2004, Petitioner's probation was revoked, and he was sentenced to seven years imprisonment. Petitioner did not appeal his placement on deferred adjudication, nor did he appeal his assault conviction.

On September 7, 2005, Petitioner filed a state application for writ of habeas corpus. *Ex parte Thompson*, Application No. 43,090-02. On March 1, 2006, the Court of Criminal Appeals denied the petition without written order.

On May 15, 2006, Petitioner filed this federal petition. He argues: (1) his guilty plea

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

was involuntary; (2) his conviction violates the Double Jeopardy Clause; (3) the trial judge exceeded a reasonable sentence; and (4) his sentence was illegal.

On October 19, 2006, Respondent filed his answer arguing the petition is time-barred. Petitioner did not file a reply. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

It appears Petitioner is challenging his deferred adjudication probation and his conviction. The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of the AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005), *cert. denied*, ___ U.S. ___, 127 S.Ct. 431 (2006). The Court therefore considers this petition to be a challenge to two separate state judgments – (1) the June 1, 2004, order of deferred adjudication probation, and (2) the September 28, 2004, judgment sentencing Petitioner to seven years confinement.

(1) June 1, 2004, Deferred Adjudication Probation

Petitioner did not appeal from his June 1, 2004, placement on deferred adjudication probation. Therefore, his deferred adjudication judgment became final thirty days later on July 2, 2004. *See* Tex. R. App. P. 26.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until July 2, 2005, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28

---

collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

U.S.C. § 2244 (d)(2). On September 7, 2005, Petitioner filed a state habeas application. This application did not toll the limitations period, however, because it was filed after the limitations period expired.

Petitioner was required to file his federal habeas petition by July 2, 2005. He did not file his petition until May 15, 2006. His claims are therefore untimely.

### (2) September 28, 2004, Adjudication

On September 28, 2004, the court revoked Petitioner's probation and adjudicated guilt. Petitioner did not appeal this adjudication. His conviction therefore became final thirty days later on October 28, 2004. (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner was required to file his federal petition within one year, or by October 28, 2005.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On September 7, 2005, Petitioner filed a state petition for writ of habeas corpus. On March 1, 2006, the Court of Criminal Appeals denied the petition. This petition therefore tolled the limitations period for 176 days, making April 24, 2006 the new limitations deadline.[2]

Petitioner was required to file his federal petition by April 24, 2006. He did not file his petition until May 15, 2006. His claims are therefore untimely.

---

[2] Petitioner's deadline fell on Saturday, April 22, 2006. Pursuant to Fed. R. Civ. P. 6(a) his deadline for filing the petition was Monday, April 24, 2006.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 9th day of April, 2007.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).